STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
                                        SUPERIOR COURT DIVISION
COUNTY OF DURHAM                        FILE NO. 23 CVS 2647

ORLANDO JONES,                  )
                                )
        Plaintiff,              )
                                )
        v.                      )           COMPLAINT
                                )
UNICE, INC d/b/a UNICE HAIR,    )
                                )
        Defendant.              )
                                )

Plaintiff Orlando Jones (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## SUMMARY

Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

"The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. See 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. See *id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id.*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

The Plaintiff bring this action to enforce the consumer-privacy provisions of the TCPA alleging that Unice, Inc. d/b/a UNice Hair ("UNice Hair") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive calls.

## PARTIES

### Plaintiff

1. Plaintiff Orlando Jones is a citizen and resident of the State of North Carolina and is neither an infant, incompetent, nor in the military service of the United States of America.

2. Defendant Unice, Inc. is a corporation with its headquarters in California that engages in text message solicitations into the state of North Carolina and this District.

## JURISDICTION AND VENUE

3. The foregoing allegations are incorporated by reference and realleged herein.

4. Jurisdiction is proper in this Court pursuant to N.C.G.S. § 90-411 and N.C.G.S. § 75-16.

5. Venue in the Superior Court of Durham County is proper pursuant to N.C.G.S. § 1-80.

## BACKGROUND

A. **The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

6. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

7. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

8. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

9. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### B. The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.

10. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

12. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

13. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

14. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

15. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

### FACTUAL ALLEGATIONS

16. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff Jones's telephone number, (919) XXX-9462, is a non-commercial telephone number that is used primarily for residential purposes.

18. Plaintiff Jones's telephone number is used for personal residential purposes.

19. Plaintiff Jones's number has been on the National Do Not Call Registry since March of 2018.

20. Plaintiff Jones made a purchase of a UNice Hair product in June of 2021.

21. Shortly thereafter, Mr. Jones began to receive text message solicitations from UNice Hair.

3

22. Since he did not desire to receive such text messages, Mr. Jones sent a stop request on September 18, 2021.

23. He received a confirmation of his stop request.

24. However, the text messages continued.

25. Mr. Jones again sent a stop request on June 13, 2022.

26. Yet text messages from the Defendant continued.

27. Again, Mr. Jones requested that the text messages stop on October 25, 2022 and November 27, 2022.

28. He received another confirmation of his request.

29. Nonetheless, Mr. Jones received three text messages in March of 2023, including the following two:

    March 17

    Yes girl!! you're just IN TIME! Unice price is hitting the bottom! EVERYTHING OFF, your likes also included! access here to receive in 2 days!

    March 23

    Was S412, TODAY $89 get 13xa lace frontal wigs! including REDDISH brown and light CHOCOLATE color! Check before its gone!

30. Plaintiff and other individuals who received these telemarketing calls and telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## COMMON CLASS ALLEGATIONS

31. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

32. Pursuant to Rule 23 of the North Carolina Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of the proposed Classes:

    **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within

4

the four years prior to the filing of the Complaint.

**Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) placed (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the call, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

33. *Commonality*: Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

34. *Predominance*: There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

    a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;
    b. whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal DNC Class;
    c. Whether Defendant's conduct constitutes a violation of the TCPA; and
    d. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

35. *Numerosity*: Plaintiff is unable to provide a specific number of members of the Class because that information is solely in possession of Defendant. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records. Upon information and belief, there are thousands, if not tens of thousands of putative class members due to the *en masse* nature of telemarketing campaigns. The Class is therefore so numerous that joinder of all members would be impracticable.

36. *Typicality*: Plaintiff's claims are typical of the claims of the proposed Class and are all are based on the same facts and legal theories.

37. *Adequate Representation*: Plaintiff is an adequate representative of the proposed Class in that he does not have antagonistic or conflicting claims with other members of the class. Plaintiff has also retained counsel experienced in the prosecution of complex class action litigation. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative class and have accepted such responsibilities.

38. *Superiority*: A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff anticipates no difficulty in managing and maintaining this action as a class action. In contrast to proceeding on a case-by-case basis, in which

5

inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Violation of the Telephone Consumer Protection Act
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

39. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

40. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

41. Defendant's violations were negligent, willful, or knowing.

42. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

43. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CLAIM FOR RELIEF
### Violation of the Telephone Consumer Protection Act
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the Internal Do Not Call Registry Class)**

44. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

45. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal l Do Not Call Class despite previously requesting that such calls stop.

46. Defendant's violations were negligent, willful, or knowing.

47. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**WHEREFORE**, Plaintiff respectfully prays the Court for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to North Carolina Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

This the 30th day of May, 2023.

*Counsel for Plaintiff*

**MAGINNIS HOWARD**

BY: /s/ Karl S. Gwaltney

KARL S. GWALTNEY
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Tel: (919) 480-8526
Fax: (919) 882-8763
karl@maginnishoward.com

Anthony I. Paronich,
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com

*Subject to Pro Hac Vice*

*Attorneys for Plaintiff*